# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. ALLEN, #1553, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-0367-JPG |
| ) | |
| BOND COUNTY JAIL, ) | |
| JEFF BROWN, ) | |
| and BOND COUNTY BOARD OF ) | |
| SUPERVISORS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at St. Tammany Parish Jail, has brought this *pro se* civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. He raises several complaints relating to the conditions of his confinement at Bond County Jail in Greenville, Illinois and alleged medical issues that arose therefrom.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. However, in the course of conducting this review, it has come to the attention of the Court that Plaintiff appears to have attempted to deceive the Court as to his eligibility to proceed in this action *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

1

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff filed a Motion for Leave to Proceed IFP (Doc. 2) along with his Complaint (Doc. 1) on April 10, 2017. Upon review, it is apparent that the information Plaintiff provided regarding his prior litigation activity was entirely false. In the section of the complaint form where he was instructed to list all of his previous lawsuits, he marked "No" when asked if he had begun any other lawsuits in state or federal court relating to his imprisonment. (Doc. 1, p. 3).

In fact, Plaintiff's litigation activity appears to include at least two cases he has filed in this District alone pertaining to his incarceration, but failed to disclose:[1] *Allen v. State of Illinois, et al.*, Case No. 16-cv-1314 (S.D. Ill., dismissed March 20, 2017, for failure to state a claim upon which relief may be granted and with a strike pursuant to 28 U.S.C. § 1915(g)), and *Allen v. Bond County Jail, et al.*, Case No. 17-cv-351 (S.D. Ill., filed April 6, 2017). Furthermore, it appears that Plaintiff has filed at least four lawsuits pertaining to his incarceration in the United States District Court for the Western District of Missouri, at least three of which were dismissed for failure to state a claim upon which relief may be granted: *Allen v. U.S. Marshals Serv. et al.*, Case No. 15-cv-3545 (Doc. 6) (finding that plaintiff failed to state a claim upon which relief may be granted); *Allen v. Taney Cnty. Circuit Court*, Case No. 16-cv-3363 (Doc. 4) (same); *Allen v. USA*, Case No. 15-cv-3524 (Doc. 6) (same). After incurring these strikes, the Western District of Missouri denied Plaintiff's application to proceed IFP in at least one later-filed case, pursuant to 42 U.S.C. 1915(g). *Allen v. Williams, et al.*, Case No. 16-cv-3468 (W.D.Mo., dismissed November 30, 2016) (Doc. 4, pp. 1-2) (noting "Plaintiff has had three or more prior prisoner actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

a claim upon which relief may be granted.").

The Court has concluded that Plaintiff is the inmate who incurred these three strikes in the Western District of Missouri, and at least one additional strike in this District, based on an examination of the pleadings filed in those cases. Each of the Missouri cases includes the inmate number, from FCI Greenville, of 03738-043. These documents include Plaintiff's full name Robert Eugene Allen, or his first and last name with his middle initial, "Robert E. Allen," as in the instant case. (Doc. 1, pp. 1, 6). He signs his name as "Robert E. Allen" on his pleadings in the Western District of Missouri cases, in Case No. 16-cv-1314 (Doc. 1, p. 8) in this District, and in the instant case. (Doc. 1, p. 6). His handwriting is distinctive, and appears to be identical in both the Missouri pleadings and those filed in this Court in Case No. 16-cv-1314 and this case. Based on a review of these records, the Court is satisfied that Plaintiff has accumulated at least four "strikes" for purposes of § 1915(g) prior to the time he filed the instant case. As a result, he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The pleadings in the instant case do not suggest that Plaintiff faces such imminent danger. Plaintiff indicates in his Complaint that he suffers from abdominal pains, kidney infection, and minimal diarrhea, and suggests in his request for relief that he will eventually require surgery to remove his kidney. (Doc. 1, pp. 5-6). While these are potentially serious medical issues, Plaintiff's allegations do not suggest that the danger is "imminent" within the meaning of § 1915(g). This Court may therefore deny Plaintiff IFP status.[2]

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), thus, there is a need for correct and complete information about prior litigation. Where a party fails to provide accurate litigation

---

[2] A litigant who is denied leave to proceed IFP must pay the full civil filing fee of $400.00, which includes a $50.00 administrative fee assessment to non-indigent litigants. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

history, the Court may appropriately dismiss the action for providing fraudulent information to the tribunal. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal as sanction appropriate where plaintiff failed to provide litigation history and certified the truth of the complaint). *See also Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

Plaintiff here requested to proceed IFP. He failed to disclose the entirety of his prior litigation activity, and gave no information on any of the strikes he incurred in Missouri or this District. Based on the authority summarized above, this action is subject to dismissal as a sanction for Plaintiff's omission of this critical information from his pleading. Out of an abundance of caution, Plaintiff shall be allowed an opportunity to show cause why this action should not be dismissed, before the Court imposes this sanction.

**Order to Show Cause**

**IT IS THEREFORE ORDERED** that Plaintiff shall submit a written statement to the Court to: (1) explain why he failed to list his litigation history in his Complaint; (2) to show cause why this Court should not dismiss this case as a sanction for his failure to provide full and accurate information on his previous cases and "strikes." Plaintiff **SHALL SUBMIT** his response within 14 days of the date of this order (**on or before May 3, 2017**). Failure to file a response shall result in the dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b). An unsatisfactory response shall also result in the dismissal of this case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2017**

<u>s/J. Phil Gilbert</u><br>United States District Judge