# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. ALLEN, #1553, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-0367-JPG |
| | ) |
| BOND COUNTY JAIL, | ) |
| JEFF BROWN, | ) |
| and BOND COUNTY BOARD OF | ) |
| SUPERVISORS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff, currently incarcerated at St. Tammany Parish Jail, has brought this *pro se* civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. In the course of conducting its initial review of Plaintiff's case, it came to the attention of the Court that Plaintiff misrepresented his litigation history in his Complaint, presumably in an attempt to deceive the Court as to his eligibility to proceed in this action *in forma pauperis* ("IFP").

Upon discovering this fact, the Court determined that Plaintiff was likely not entitled to proceed IFP in this case. Further, the Court ordered Plaintiff to show cause why this case should not be dismissed as a sanction for his misrepresentation of his prior litigation activity. (Doc. 5); *See also* FED R. CIV. P. 11; *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal as sanction appropriate where plaintiff failed to provide litigation history and certified the truth of the complaint); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and

1

was granted leave to proceed IFP); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

Plaintiff's Response (Doc. 6) to the Show Cause Order (Doc. 5) has not altered the Court's conclusion that dismissal is warranted in this case for Plaintiff's failure to provide full and accurate information on his previous cases and strikes. Plaintiff first argues that his complaint in three of the cases identified in this Court's Show Cause Order (Doc. 5) do not have anything to do with Plaintiff's incarceration or health. (Doc. 6, p. 1). Even if this were true, which it is not, this Court identified in its Order two other cases that Plaintiff failed to disclose in his litigation history that he has not addressed. In *Allen v. State of Illinois, et al.*, Case No. 16-cv-1314, a case recently resolved in this District, Plaintiff claimed he was being illegally incarcerated. *Id.* at (Doc. 1). Further, in *Allen v. Bond County Jail, et al.*, Case No. 17-cv-351, a case that is currently pending in this District, Plaintiff makes claims regarding his conditions of confinement in Bond County Jail. *Id.* at (Doc. 1). Both of these cases, if no others, clearly relate to Plaintiff's incarceration and merited disclosure in Plaintiff's Complaint (Doc. 1).

Plaintiff also argues that three of the cases this Court cited to in its Show Cause Order for previous strikes issued against him are on appeal and should therefore not count as strikes against him. (Doc. 6, p. 2). This statement is both factually and legally inaccurate. *Allen v. U.S. Marshals Serv. et al.*, Case No. 15-cv-3545 was appealed by Plaintiff, but the ruling of the Western District of Missouri in that case was affirmed by the Eighth Circuit Court of Appeals on June 6, 2016, well before Plaintiff filed his case. Similarly, the appeal of *Allen v. United States*, Case No. 15-cv-3524 has also been resolved, with the Eighth Circuit Court of Appeals affirming the Western District of Missouri's judgment on August 10, 2016, with the exception that

2

Plaintiff's request for release from confinement and request for damages related to his conviction and confinement were considered dismissed without prejudice. Plaintiff did not appeal *Allen v. Taney Cnty. Circuit Court*, Case No. 16-cv-3363, though he appears to claim he did in his Response. (Doc. 6, p. 2). Further, if Plaintiff was referring to *Allen v. State of Illinois, et al.*, Case No. 16-cv-1314, in which he was issued another strike in this District on March 20, 2017, Plaintiff has also not appealed in that case. Finally, even if these cases were on appeal, the strikes issued in them would stand unless and until the relevant court of appeals reversed their issuance. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1765 (2015) (holding "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending.").

As stated above, Plaintiff's Response (Doc. 6) to the Show Cause Order (Doc. 5) has not altered the Court's conclusion that dismissal is warranted in this case for Plaintiff's failure to provide full and accurate information on his previous cases and strikes.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to disclose his litigation activity and fraudulently marking "No" when asked whether he had "begun any other lawsuits in state or federal court relating to [his] imprisonment." (Doc. 1, p. 3).

This dismissal shall not count as another "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED**. Accordingly, he must pay the full $400.00 filing fee for this action. To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current

balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $400.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from Plaintiff's trust fund account to the Clerk of this Court each time Plaintiff's account exceeds $10.00, until the $400.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the St. Tammany Parish Jail upon entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Therefore, Plaintiff's motion for the appointment of counsel will be **DENIED**.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed in forma pauperis on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

*s/J. Phil Gilbert*
United States District Judge